

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. **07MJ8934** |
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| Andres Guadalupe TORRES, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on November 20, 2007, to determine whether defendant Andres Guadalupe TORRES, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States; Diane Regan, of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal complaint issued against the Defendant on November 19, 2007, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

I

## FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

    1. The Defendant is charged in Criminal Complaint No. 07MJ8934 with the importation of 12.98 kilograms (28.55 pounds) of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

    2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C. § 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 18 U.S.C. § 3142(e).

    3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. <u>See</u> 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 36. <u>See</u> USSG § 2D1.1. Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>See</u> USSG § 4A1.1., the sentencing range for the Defendant is 188-235 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)</u>

    1. The weight of the evidence against the Defendant is strong. On November 16, 2007, at the Calexico East Port of Entry, the Defendant was the driver and registered owner of a 2006 Chevrolet Silverado as he entered the United States from Mexico. Defendant and the vehicle were referred to vehicle secondary for inspection. Customs & Border Protection Officer (CBPO) Acuna requested CBPO Taylor to screen the truck utilizing his assigned Human/Narcotic Detector Dog (HNDD). The HNDD alerted to the vehicle. Further inspection of the vehicle revealed 12.98 kilograms (28.55 pounds) of methamphetamine concealed within the passenger doors. The Defendant stated he was coming back from a bank in Mexicali and headed back to El Centro.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>

    1. The Defendant is a United States citizen.

    2. The Defendant resides in Calexico, California.

    3. The Defendant has family in Mexico.

1         4.      The Defendant owns a business Projection Company.

2   D.    <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>

3         1.      Other than that the charged crime is a drug trafficking offense, there is nothing
4 to suggest that release of the Defendant would pose a danger to any person or the community.

5                     II

6         <u>REASONS FOR DETENTION</u>

7   A.    There is probable cause to believe that the Defendant committed the offense charged
8 in Criminal Complaint No. 07MJ8934, namely, the importation of 12.98 kilograms (28.55 pounds) of
9 methamphetamine into the United States in violation of 21 U.S.C. §§ 952 and 960.

10   B.    The Defendant faces a substantial period of time in custody if convicted of the offense
11 charged in the Complaint. He therefore has a strong motive to flee.

12   C.    The Defendant has not rebutted the presumption, based upon the Court's findings that
13 there is probable cause to believe that the Defendant committed an offense for which a maximum term
14 of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801
15 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the
16 Defendant at future court proceedings.

17                     III

18                   <u>ORDER</u>

19   IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

20   IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney
21 General or his designated representative for confinement in a corrections facility separate, to the extent
22 practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The
23 Defendant shall be afforded reasonable opportunity for private consultation with counsel.

24 ///

25 ///

26 ///

27 ///

28 ///

1  While in custody, upon order of a court of the United States or upon the request of an attorney
2  for the United States, the person in charge of the correctional facility shall deliver the Defendant to the
3  United States Marshal for the purpose of an appearance in connection with a court proceeding or any
4  other appearance stipulated to by defense and government counsel.
5  THIS ORDER IS ENTERED WITHOUT PREJUDICE.
6  IT IS SO ORDERED.
7  DATED: 11-27-07

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney


JOHN F. WEIS
Assistant U. S. Attorney

cc: Diane Regan
    Federal Defenders of San Diego, Inc.